Melón Hnos. & Co., *S. en C.*, Plaintiff and Appellant, *v.* R. Muñiz de León & Co., *S. en C.*, Defendant; José R. Villamil, Intervener and Appellee.

No. 6795. Argued November 27, 1935.—Decided March 18, 1936.

*Angel A. Vázquez* for appellant. *Susoni & Defendini* for defendant. *J. J. Fuertes* for intervener and appellee.

Mr. Justice Córdova Dávila delivered the opinion of the court.

Melón Hnos. & Co., *S. en C.*, brought an action of debt against R. Muñiz de León and moved for a writ of attachment which was issued against property of the defendant. On December 13, 1932, in compliance therewith, the marshal attached property of R. Muñiz de León & Co., *S. en C.*, as belonging to R. Muñiz de León.

Three days after the levying of the attachment, the plaintiff, upon leave granted by the district court, filed an amended complaint wherein R. Muñiz de León & Co., *S. en C.*, was made defendant therein, because the action had been erroneously brought against R. Muñiz de León. Sometime after-

wards the firm R. Muñiz de León & Co., *S. en C.*, which had been served with an alias summons, moved to vacate the attachment because it had been levied in an action brought against R. Muñiz de León and not against the said partnership, which is a different artificial person. The lower court overruled defendant's motion and its ruling was subsequently reversed by this court. *Melón Hnos. & Co., S. en C. v. Muñiz de León*, 47 P.R.R. 87.

While that appeal was pending the suit against R. Muñiz de León & Co., *S. en C.*, was prosecuted to a judgment. The perishable property under attachment was sold, and the proceeds of the sale, amounting to $703.02, were deposited in the office of the clerk of the District Court of San Juan. Said property had been also attached on December 21, 1932, by José R. Villamil, who had sued the partnership, R. Muñiz de León & Co., *S. en C.*, in the District Court of Arecibo. Subsequently, after the property had been sold and the proceeds thereof deposited in the office of the clerk of the District Court of San Juan, Villamil secured, on October 13, 1933, a new order enjoining the clerk of the District Court of San Juan from conveying or disposing of the proceeds of the sale of said property.

After the judgment obtained by Melón Hnos. & Co., *S. en C.*, against said partnership had become final *(firme)*, the plaintiff moved to have the amount deposited in the clerk's office delivered to it. The court denied this motion because the property had also been attached by José R. Villamil. Then Melón Hnos. & Co., *S. en C.*, requested that Villamil be cited to show cause why the money should not be delivered to the said partnership. The court granted the request and stated that as the record failed to show any objection from Villamil, the clerk was ordered to deliver the sum of $728.47, which he kept as the proceeds of the sale of the property of the defendant attached to secure the effectiveness of the judgment and which was also attached by José R. Villamil. Notwithstanding the statement of the court that the record failed

to show the appearance of Villamil, he actually appeared by motion in opposition to the delivery of the money.

Upon the rendition by this court of its judgment dissolving the attachment levied upon property of R. Muñiz de León. & Co., *S. en C.,* before it became a party defendant, Villamil moved the lower court to order Melón Hnos., *S. en C.,* to deposit forthwith in the clerk's office the money delivered to it and to warn it that it would be punished for contempt should it fail to do so. That partnership opposed the motion, and moved to strike it out, because Villamil was not a party to the suit and he had no right to intervene and obtain the remedy sought. Thereupon the court peremptorily ordered the said partnership to return and deposit in the clerk's office the sum of $728.47 which had been delivered to it by a previous order, and warned it that it would be punished as for contempt for failure to comply. The aggrieved party has taken the present appeal from the above order.

The appellant calls our attention to the fact that Valentín Polanco de Jesús, counsel for R. Muñiz de León & Co., *S. en C.,* is the person who appears suing this partnership and attaching its property in behalf of José R. Villamil, to collect the sum of $1,500 as principal, with interest thereon. Attorney Polanco, in the name of Villamil, levied an attachment on the same property of R. Muñiz de León & Co., *S. en C.,* which eight days before had been attached by Melón Hnos. & Co., *S. en C.,* in the action against R. Muñiz de León. It is also a fact that Polanco, attorney for R. Muñiz de León & Co., *S. en C.,* in the action brought against said firm by Melón Hnos. & Co., *S. en C.,* appears at the same time for José R. Villamil in the suit brought by the latter against the said partnership, R. Muñiz de León & Co., *S. en C.,* which led to a judgment by default. Such facts, together with the attendant circumstances of this case, raise a question of professional ethics which we do not wish to let pass without expressing our disapproval and reproof.

■ After the above digression, we now proceed to decide the question raised. In the first place it is claimed that the trial judge erred in issuing at chambers his order of July 9, 1934, which has given rise to this appeal, as he was without power or jurisdiction to do so since the court was in its regular vacation and the motion which was decided by said order was objected to and required a hearing in open court. The motion filed by Villamil did not require the taking of proofs. The court became aware of the fact that the property attached by Melón Hnos. & Co., *S. en C.*, also had been attached by José R. Villamil, who was summoned to show cause why that property should not be delivered to said firm in execution of the judgment. The court also took judicial notice of the judgment entered on appeal by this court dissolving the attachment levied by the plaintiff on property of R. Muñiz de León & Co., *S. en C.* The lower court, over the objection of Villamil decided to deliver said property to the plaintiff in execution of its judgment. In accordance with section 22 of the Code of Civil Procedure, district judges at chambers may grant all orders tending to insure the enforcement of the decisions demanded during the time of the execution thereof. There is no doubt that it was within the power of the judge of the lower court to issue at chambers the order to deliver the money to Melón Hnos. & Co., *S. en C.*, for the enforcement of the judgment entered in its favor. There can be no doubt either that the judge, in the exercise of his powers, might order at chambers the reimbursement of the money wrongfully delivered. The error assigned is without merit.

In the second assignment of error it is contended that the order of the district court is tantamount to a judgment depriving the plaintiff of its property without due process of law. This assignment of error is so clearly without merit that it must be dismissed without discussion.

■ Finally, it is maintained that the judge of the district court erred in making the said order because the attach-

ment of the property of the debtor levied by the plaintiff was accepted by said debtor and by the subsequent attaching creditor José R. Villamil by virtue of subsequent acts which rendered the attachment valid.

Villamil, far from acquiescing in the order for the delivery of the property to Melón Hnos. & Co., *S. en C.*, challenged it and moved for a reconsideration thereof, on the ground, among others, that his attachment, levied on December 21, 1932, had priority over that levied by Melón Hnos. & Co., *S. en C.*, on December 13 of the same year, inasmuch as this last attachment was completely void and because the order of the court keeping such attachment in force had been appealed from. Villamil further alleged that only in the event of the judgment appealed from being affirmed, would Melón Hnos. & Co., *S. en C.*, have priority against the attached property; but that should the order in question be reversed his right to priority should be recognized and enforced. Melón Hnos. & Co., *S. en C.*, can not plead ignorance. He took possession of the property knowing that a subsequent attachment had been levied by Villamil and that the order of the lower court sustaining the first attachment had been appealed from to this court. Once the attachment was vacated by this court, Villamil acquired a right of priority by virtue of the attachment levied on such property.

The contention that Villamil is not a party to this suit can not be upheld. Apart from the fact that he was summoned at the request of Melón Hnos. & Co., *S. en C.*, at the time this firm moved for the delivery of the property to it, his right to oppose said delivery can not be questioned. His right to move for the return of said property to the clerk's office can not be disputed either. A creditor who has obtained a subsequent attachment has the right to intervene and to be heard, and the lower court acted correctly in recognizing such right in favor of Villamil. *Rodríguez Hnos , S. en C.* v. *Court,* 40 P.R.R. 839.

The judgment appealed from must be affirmed.